UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AL HOLIFIELD,

                Plaintiff,

v.                                     Case No. 18-cv-807-pp-wed

CARMEN DOHMS, *et al.*,

                Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 22) AND DISMISSING CASE**

---

Plaintiff Al Holifield, who is representing himself, is proceeding on First Amendment claims that the defendants denied him access to the courts and retaliated against him for exercising his First Amendment rights. Dkt. No. 12. When he filed his complaint in May of last year, the plaintiff was in custody at the Marshall Sherrer Correctional Center in Milwaukee. Dkt. No. 1 at 11. In April 2019, the court received a notice from the plaintiff that his new address was 2743 W. Highland Blvd, #103, Milwaukee, Wisconsin 53208. Dkt. No. 17.

On August 16, 2019, the defendants moved for summary judgment. Dkt. No. 22. The plaintiff's response/opposition materials were due around September 15, 2019. The plaintiff did not timely respond to the motion, so Magistrate Judge William Duffin (to whom the court had referred the case for pretrial matters) gave the plaintiff an additional opportunity to respond to the motion or to explain why he was unable to respond. Dkt. No. 28. Judge Duffin warned the plaintiff that if he did not respond to the summary judgment

1

motion or file a letter explaining why he couldn't do so by October 25, 2019, the court would grant the defendants' motion and dismiss the case.

October 25, 2019 has come and gone, and the plaintiff has not filed his response materials. In fact, the court has not heard from the plaintiff since it received his change of address notification on April 3, 2019. Under this district's local rules, "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion." Civil Local Rule 7(d) (E.D. Wis.) Under Civil L.R. 41(c), "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."

The defendants filed their summary judgment motion nearly three months ago. Despite the court giving the plaintiff ample time to respond, he has not done so, nor has he informed the court of any reason why he is unable to respond. His failure to oppose the defendants' motion is sufficient grounds for the court to grant their motion. Further, the defendants have devoted a significant amount of time to this case by preparing a summary judgment motion. In contrast, the plaintiff has made little effort to prosecute his case. The court will grant the defendants' motion for summary judgment.

The court **GRANTS** the defendants' motion for summary judgment, based on the plaintiff's failure to oppose it, as provided by Civil L.R. 7(d). Dkt. No. 22.

The court **GRANTS** summary judgment in favor of the defendants, and **ORDERS** that this case is **DISMISSED**. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 15th day of November, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**